IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-03191-WYD-BNB

TIMOTHY DEMITRI BROWN,

Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
UNITED STATES DEPARTMENT OF JUSTICE,
UNITED STATES OF AMERICA, and
JOHN AND JANE DOES 1-20,

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the defendants' **Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(3), and 12(b)(6)** [Doc. #26, filed 05/01/2012] (the "Motion").  I respectfully RECOMMEND that the Motion be GRANTED IN PART and DENIED IN PART.

## I.  STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff.  City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986);

Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976).  The complaint must contain specific

allegations sufficient to establish that it plausibly supports a claim for relief.  Alvarado v. KOB-

TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007).  "The issue is not whether a plaintiff will

ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."

Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer,

468 U.S. 183 (1984).

The standard of review for a motion to dismiss for lack of subject matter jurisdiction

under Fed.R.Civ.P. 12(b)(1) is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject
> matter jurisdiction take two forms. First, a facial attack on the
> complaint's allegations as to subject matter jurisdiction questions
> the sufficiency of the complaint.  In reviewing a facial attack on
> the complaint, a district court must accept the allegations in the
> complaint as true.
>
> Second, a party may go beyond allegations contained in the
> complaint and challenge the facts upon which subject matter
> jurisdiction depends.  When reviewing a factual attack on subject
> matter jurisdiction, a district court may not presume the
> truthfulness of the complaint's factual allegations.  A court has
> wide discretion to allow affidavits, other documents, and a limited
> evidentiary hearing to resolve disputed jurisdictional facts under
> Rule 12(b)(1). In such instances, a court's reference to evidence
> outside the pleadings does not convert the motion to a Rule 56
> motion.
>
> However, a court is required to convert a Rule 12(b)(1) motion to
> dismiss into a Rule 12(b)(6) motion or a Rule 56 summary
> judgment motion when resolution of the jurisdictional question is
> intertwined with the merits of the case.  The jurisdictional question
> is intertwined with the merits of the case if subject matter
> jurisdiction is dependent on the same statute which provides the
> substantive claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

2

## II.  BACKGROUND

The plaintiff is currently incarcerated by the Federal Bureau of Prisons ("BOP") at the United States Penitentiary, Administrative Maximum Facility in Florence, Colorado ("ADX"). He filed his Prisoner Complaint [Doc. #3] (the "Complaint") on December 8, 2011.[1]  The Complaint is not a model of clarity.  It contains many allegations but lacks specific facts and does not state the causes of action with clarity.

The Complaint contains the following allegations:

### Claim One

1.   The plaintiff was "forced into unwarranted psychological treatment" in the Special Management Unit program ("SMU").[2]  *Complaint*, ¶ 1.

2.   The BOP has no data to support its conclusion that the program improves safety.  Id. at ¶ 2.

3.   The program has increased violence in federal and state prisons nationwide.  Id. at ¶ 3.

4.   SMUs were knowingly implemented in violation of the Administrative Procedure Act ("APA").  Id. at ¶ 4.

---

[1]The plaintiff filed a handwritten Complaint on the court's form [Doc. #1] and a typewritten Complaint that is not on the court's form [Doc. #3].  The Complaints are identical in substance.  All references in the defendants' Motion  are to the typewritten Complaint.  For purposes of uniformity, I also refer to the typewritten Complaint in this Recommendation.

[2]The defendants assert that the plaintiff was placed in the SMU program at the Federal Correctional Institution in Talladega, Alabama.  *Motion*, p. 2.  The plaintiff does not dispute this assertion.

5.    SMUs authorize involuntary medical and psychological treatment, the use of excessive force, and the writing of false reports.  Id. at ¶¶ 5-6, 9.

6.    The plaintiff suffered physical damage from excessive force on August 25, 2009; October 15, 2009; and January 20, 2011.  His injuries include water in his lungs from water boarding, a concussion from being shot in the head, and bruises from being beaten.  Id. at ¶ 7.  False reports were written against him on June 16, 2009; August 25, 2009; October 15, 2009; November 19, 2009; and January 20, 2011.  Id. at ¶ 10.

7.    SMUs authorize housing mentally ill and non-mentally ill prisoners together.  Id. at ¶ 12.

8.    SMUs authorize the torture of prisoners for acts which occurred before its implementation in violation of the *ex post facto* clause.  The plaintiff was "forced into SMU based on [an] incident that occurred before the November 2008 implementation of the provision."  Id. at ¶ 13.

9.    SMUs illegally authorize retaliation against prisoners for exercising their rights.  Id. at ¶ 14.  The plaintiff was transferred to ADX, and his telephone privileges denied, in retaliation for refusing unwarranted and involuntary psychological treatment and seeking redress for being forced into treatment.  Id. at ¶¶ 15-16.

10.   SMUs were implemented in violation of the Congressional Review Act because the BOP never submitted a report to Congress as required.[3]  Id. at ¶ 17.

---

[3]The plaintiff states that he is not asserting a cause of action under the Congressional Review Act; he "only cited the violation of it as a supporting fact."  *Plaintiff's Reply to Defendants' Motion to Dismiss* [Doc. #30] (the "Response"), pp. 12-13.

11.   The plaintiff asserts a "[t]ort claim against the BOP, DOJ and USA" for being forced into SMU.  Id. at ¶ 1.

### Claim Two

12.   The plaintiff was unjustly deprived of rental property due to illegal mail tampering authorized by SMU.  Id. at ¶ 22.  The BOP refused to deliver to the plaintiff a notice from the Ninth Judicial District Court in Louisiana regarding court action related to the property.  Id. at ¶¶ 23-24.  The court ruled against the plaintiff for failure to respond to the notice. Id. at ¶ 26.  The plaintiff "lost the property in the judgment."  Id.

13.   "Mail and content were stolen and unlawfully rejected on numerous occasions."  Id. at ¶ 27.

14.   The plaintiff asserts a "[t]ort claim against the BOP, DOJ and USA due to the illegal mail tampering authorize[d] by SMU."  Id. at ¶ 22.  In addition, the actions alleged in Claim Two violate the plaintiff's rights "to property, access to court and free speech."  Id. at ¶ 31.

### Claim Three

15.   On March 13, 2011, the plaintiff requested copies of reports that were required to be submitted under the Congressional Review Act.  Id. at ¶ 34.  The request was denied "without reason."  Id.   The plaintiff appealed the denial.  Id.

16.   On March 14, 2011, the plaintiff requested copies of executive decisions 01-12-33; 02-03-01; and 02-09-34 pursuant to the Freedom of Information Act ("FOIA").  Id. at ¶¶ 32-33. The request was denied "without reason."  Id. at ¶ 33.  The plaintiff appealed the denial.  Id.

17. On May 9, 2009, the plaintiff requested copies of administrative records for the SMU program statement 5217.01. <u>Id.</u> at ¶ 35. The request was denied "without reason." <u>Id.</u> The plaintiff appealed the denial. <u>Id.</u>

18. On June 17, 2011, the plaintiff requested a "copy of items seized from his mail on June 17, 2011." <u>Id.</u> at ¶ 36. The request was denied on the basis that there was no record of the items, even though an incident report was completed regarding the seizure. <u>Id.</u>

19. The plaintiff requested copies of records pertaining to "the takeover of the SMU due to human rights abuses on January 25, 2010, and July 23, 2010." <u>Id.</u> at ¶ 37. The request was denied "without reason," and the plaintiff appealed the denial. <u>Id.</u>

20. On August 24, 2010, the plaintiff requested copies of "telephone and email contract." <u>Id.</u> at ¶ 38. The request was denied "without reason," and the plaintiff appealed the denial. <u>Id.</u>

21. The plaintiff requested copies of "use of force records" on December 19, 2009; March 3, 2010; and March 16, 2011. Partial records were released. <u>Id.</u> The plaintiff appealed the denial of the non-released records. <u>Id.</u>

22. The plaintiff requested a copy of an "Inmate Trust Fund Audit" on December 19, 2009. <u>Id.</u> at ¶ 40. The request was denied "without reason," and the plaintiff appealed the denial. <u>Id.</u>

23. The plaintiff requested copies of unclaimed trust funds and uncashed checks on December 21, 2010, and April 15, 2011. <u>Id.</u> at ¶ 41. The request was denied "without reason," and the plaintiff appealed the denial. <u>Id.</u>

24.   The plaintiff submitted a grievance to the BOP and the Department of Justice

("DOJ") concerning embezzlement of trust and commissary funds on April 15, 2011.  Id. at ¶ 42.

The grievance was ignored.  Id.

25.   The BOP has denied the requested records in violation of FOIA.  Id. at ¶ 32.

**Claim Four**

26.   The BOP and the DOJ's exemptions from the Privacy Act, 28 C.F.R. §§ 16.963 *et

seq.*, are void for vagueness because they encourage arbitrary application, and are

unconstitutional as applied "and/or violate the Administrative Procedures Act."  Id. at ¶ 45.  The

BOP is not exempt from sections (e)(6) and (7).  Id. at ¶ 53.  The exemption under section (i)(2)

"exempting section (g) deprives the plaintiff of any remedy to redress the clear violations of the

Act."  Id.

27.   DOJ employees knowingly started a false rumor that the plaintiff threatened Fifth

Circuit Court of Appeals Judge Carolyn King.  Id. at ¶ 47.  DOJ employees disseminated this

rumor to Judge King and others "in a malicious, defamatory, libel and slanderous manner to

cause prejudice against the plaintiff."  Id. at ¶ 48.  The false information caused Judge King and

others to "disregard and violate clear law."  Id. at ¶ 49.  Judge King "denied plaintiff relief of the

Supreme Court's summary reversal of the case in contradiction of clearly established law."  Id.

at ¶ 50.

28.   A Tucson District Court Judge dismissed the plaintiff's civil rights complaint "under

knowingly false pretense [sic] of failure to pay court fee."  Id. at ¶ 51.  The judge later admitted

that the plaintiff had paid the fee.  Id.

29.   The DOJ employees "have actual knowledge that this information is false as their records clearly state[] such." Id. at ¶ 52.  The DOJ falsely claims that the records were created based on a book written by the plaintiff "which DOJ employees stole and refused to return." Id. at ¶ 55.  The DOJ has "refused to expunge and/or correct this knowingly false information." Id. at ¶ 60.

30.   The defendants' actions violated the plaintiff's right "to privacy and property; not to be defamed; to impartial and unbias[ed] adjudication; access to court; free speech; to life and liberty; not to be retaliated against for exercising my rights." Id. at ¶ 62.

### Claim Five

31.   The DOJ employees have disseminated and continue to disseminate the false information described in Claim Four.  Id. at ¶ 63.  Their actions constitute state law claims of defamation, libel, and slander.  Id.  Their actions violate the plaintiff's right "to privacy; not to be defamed; to impartial and unbias[ed] adjudication; to access to court; to life and liberty; not to be retaliated against for exercising my rights."  Id. at ¶ 64.

### Claim Six

32.   The "DOJ employees who stole and refused to return plaintiff's book and mail in claims II and IV" committed theft and "fraudulent concealment of plaintiff's property" under state law.  Id. at ¶ 65.  They also violated the plaintiff's rights "to property and pursuit of happiness; to free speech; to access to court."  Id. at ¶ 66.

**Claim Seven**

33.   The acts described in all of the previous allegations "constitute a criminal conspiracy in violation of 18 U.S.C. §§ 241 et seq. and 42 U.S.C. §§ 1985 and 1986."[4] Id. at ¶ 67.

34.   "The OIG refuses to investigate criminal complaint submitted to them, which are referred back to OIA." Id. at ¶ 68. "P.S. 1210.24 section (6) of the OIA is suppose[d] to ensure to report such matters to the OIG, which does not happen." Id. at ¶ 69. "The USAO refuses to prosecute criminal complaints submitted to them." Id. at ¶ 70.

35.   DOJ FOIA staff assisted in the conspiracy by denying requests for records under false pretenses. Id. at ¶ 71.

In addition to these allegations, the plaintiff states that "[t]he matters herein involve violations of federal provision 5 U.S.C. §§ 552, 552a, 553, 701, 801, et seq.; 18 U.S.C. §§ 241 et seq.; 28 U.S.C. §§ 1331, 1343, 1346, 1367, 1651, 2201, 2202, 2241 and 2671; 42 U.S.C. §§ 1985 and 1986; Bivens; Public Law 89-554 et al." Id. at p. 1. The plaintiff requests monetary, injunctive, and declaratory relief. Id. at ¶¶ 79-97.

I liberally construe the plaintiff's claims as follows:[5]

---

[4]The plaintiff states that he is not asserting a cause of action under 18 U.S.C. § 241. *Response*, p. 12.

[5]Any other claims the plaintiff may be attempting to assert are unintelligible and will not be recognized. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

## Claim One Against the BOP, DOJ, and USA

1.  The plaintiff's placement in the SMU constitutes a violation of the *ex post facto* clause;

2.  The plaintiff's placement in unwarranted psychological treatment in the SMU constitutes a state tort;

3.  The SMU program is unconstitutional;

4.  The SMU program was implemented in violation of the APA;

5.  The plaintiff was transferred to ADX in retaliation for exercising his constitutional right to seek redress for illegal actions taken against him in the SMU; and

6.  Excessive force was used on the plaintiff in the SMU in violation of the Eighth Amendment.

## Claim Two Against the BOP, DOJ, and USA

The defendants improperly rejected and confiscated the plaintiff's mail in violation of state tort law and  the plaintiff's constitutional right to property, access to the court, and free speech.

## Claim Three Against the BOP

The BOP denied the plaintiff's requests for information in violation of FOIA.

## Claim Four Against DOJ Employees John and Jane Does

1.  Certain exemptions to the Privacy Act are unconstitutionally vague;

2.  DOJ employees disseminated false information about the plaintiff to a Fifth Circuit Court of Appeals judge and others in violation of state tort law; and

3.   DOJ employees stole the plaintiff's property and disseminated the false information in violation of his constitutional rights to access the court, free speech, and due process rights.

### Claim Five Against DOJ Employees John and Jane Does

The DOJ employees' dissemination of false information about the plaintiff constitutes the state law torts of defamation, libel, and slander and is in violation of the plaintiff's constitutional rights to privacy, to access the court, and due process.

### Claim Six Against DOJ Employees John and Jane Does

1.   The DOJ employees stole the plaintiff's book and his mail in violation of the plaintiff's constitutional rights to due process, free speech, and access to the courts; and

2.   These actions constitute the state law torts of theft and fraudulent concealment of property.

### Claim Seven Against All Defendants

All of the above-described acts constitute a conspiracy in violation of 42 U.S.C. §§ 1985 and 1986.

## III.   ANALYSIS

### A.   Claim One: Federal Tort Claims Act ("FTCA")

The defendants assert that the court lacks subject matter jurisdiction over Claim One insofar as it is brought under the Federal Tort Claims Act ("FTCA") because the claim was not filed in this court within six months of final agency denial of the underlying administrative claim. *Motion*, p. 5. This is a factual challenge to the Complaint. Therefore, I may not presume the truthfulness of the Complaint's factual allegations, and I have wide discretion to allow affidavits and other documents to resolve disputed jurisdictional facts. Holt, 46 F.3d at 1003.

In Claim One, the plaintiff states that he is asserting a "[t]ort claim against the BOP, DOJ and USA" for being forced into unwarranted psychological treatment in the SMU. *Complaint*, ¶ 1.  On December 17, 2010, the plaintiff filed an administrative tort claim which states that he has been held in extended isolation for more than two years and, as a result, has suffered mental, emotional, and physical deterioration. *Motion*, Ex. 1, ¶ 6; Ex.1- E.  The plaintiff's administrative claim was denied in a certified letter dated May 23, 2011.  Id. at Ex. 1, ¶ 6; Ex. 1-F.

A tort claim against the United States shall be forever barred unless . . . action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.  28 U.S.C. § 2401(b).  The defendants argue the six month deadline expired on November 23, 2011, and that the claim is barred because the Complaint was not filed until December 8, 2011.

The plaintiff asserts that he executed and delivered the Complaint to BOP officials on November 13, 2011, and it should be deemed filed on that date. *Response*, p. 4.  Under the mailbox rule, "an inmate who places a federal civil rights complaint in the prison's internal mail system will be treated as having 'filed' that complaint on the date it is given to prison authorities for mailing to the court." Id. at 1165.  However, the inmate must establish actual use of the prison's internal mail system in order to be accorded the benefits of the mailbox rule.  Id.

The plaintiff has filed a declaration wherein he states under penalty of perjury that on November 13, 2011, he executed and delivered the Complaint with postage pre-paid to ADX prison officials for mailing to the court. *Plaintiff's Reply* . . . . [Doc. #36], p. 6.  Accordingly, the defendants' Motion should be denied insofar as it seeks dismissal of the FTCA claim asserted in Claim One.

### B.   Claims Four, Five, and Six: State Law Tort Claims

Claim Four alleges that DOJ employees disseminated false information to a Fifth Circuit Court of Appeals Judge and others "in a malicious, defamatory, libel and slanderous manner . . . ." and stole his book.  *Complaint*, ¶¶ 48, 55.  Claim Five asserts "[s]tate law claims of defamation, libel and slander against the DOJ employees (names unknown, John and Jane Does) who have and continue to disseminate the knowingly false information in claim IV."  Id. at ¶ 63. Claim Six alleges state law tort claims against the DOJ employees for stealing his book and his mail.  Id. at ¶ 65.

The defendants assert that these tort claims are barred because the plaintiff did not submit administrative tort claims with the appropriate federal agency prior to asserting the tort claims in this court.  *Motion*, pp. 5-6; Ex. 1, ¶¶ 5-7; Ex. 1-C (seeking compensation for an alleged unlawful use of force and broken headphones); Ex. 1-E (seeking compensation for time spent in the SMU); Ex. 1-G (seeking compensation for real property lost as a result of alleged interference with the plaintiff's mail).  This is a factual challenge to the Complaint.

The plaintiff does not provide any evidence to show that he submitted an administrative claim to the appropriate federal agency prior to asserting these tort claims here.  Instead, he argues that he does not have to file an administrative claim because the tort claims are not asserted against the United States or its agencies; they are asserted against individuals. *Response*, pp. 4-5.  However, the FTCA provides the exclusive remedy for tort claims asserted

against a Government employee acting with the scope of his or her employment.  28 U.S.C. § 2679(b)(1).[6]

The plaintiff further argues that he exhausted his administrative remedies as to these claims "by filing Privacy Act Corrections."  *Response*, p. 5.  He cites to his own Exhibit E in support of his argument.  Id.  Exhibit E contains two letters from the Office of Privacy and Civil Liberties.  The letters deny the plaintiff's requests for correction of certain records under the Privacy Act.

In order to maintain a claim under the FTCA, a plaintiff must comply with several strictly construed prerequisites to suit.  See United States v. Kubrick, 444 U.S. 111, 117-18 (1979) (stating that "the [FTCA] waives the immunity of the United States and that in construing the statute of limitations, which is a condition of that waiver, we should not take it upon ourselves to extend the waiver beyond that which Congress intended").  Tort claims against the United States must be "presented in writing to the appropriate Federal agency within two years after such claim accrues" or the claim "shall be forever barred."  28 U.S.C. § 2401(b).  "Exhaustion of administrative claims is a jurisdictional prerequisite to asserting claims under the FTCA." Pipkin v. United States Postal Service, 951 F.2d 272, 273 (10th Cir. 1991).  The plaintiff has the burden to prove jurisdiction in the face of a challenge under Rule 12(b)(1), Fed. R. Civ. P. Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974).

The letters do not demonstrate that the plaintiff provided proper notice of his tort claims against the DOJ employees.  The defendants' Motion should be granted insofar as it seeks

---

[6]The plaintiff also argues that the Doe defendants were not acting within the scope of their employment, but he does not allege any specific facts or provide any evidence to support his argument. *Plaintiff's Motion to File Surreply* . . . . [Doc. #32] (the "Surreply"), pp. 1-3.

dismissal of the state law tort claims asserted in Claims Four, Five, and Six for failure to exhaust administrative remedies.

### C.  Claim Two: FTCA Claim Regarding Tampering with Mail

Claim Two asserts a "[t]ort claim against the BOP, DOJ and USA due to the illegal mail tampering authorize[d] by the SMU." *Complaint*, ¶ 22.  The plaintiff filed an administrative claim which was denied on July 25, 2011.  Id. at ¶ 30.

The administrative claim states:

> Between April 2010 and September 2010 the FCI Talladega Alabama mailroom unlawfully rejected legal mail for me concerning property located at 3710 Third Street, Alexandria, Louisiana.  The rejected mail items were from the Clerk of the Court, Carolyn Jones Ryland and Alexandria Attorney at Law Darrell Hickman.  Due to the unlawful acts the property was lost.

*Motion*, Ex. 1-G (denied in Ex. 1-H).  The plaintiff sought $160,000 in property damages.  Id.

The defendants assert that under 28 U.S.C. § 2680(b), the United States has not waived sovereign immunity with regard to this claim.  *Motion*, pp. 6-7.  Section 2680(b) provides that sovereign immunity is not waived as to "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter."

The Tenth Circuit has applied this exception to the negligent acts of BOP mail room staff.  Georgacarakos v. United States, 420 F.3d 1185, 1188 (10th Cir. 2005) (BOP employees mailed inmate property to a relative without inmate's authorization and property never arrived).  As support for its decision, the court cited Ruiz v. United States, 160 F.3d 273 (5th Cir. 1998).  In Ruiz, the plaintiff claimed that prison officials failed to deliver his incoming mail which notified him of final judgments in separate legal actions.  Primarily due to his transfer to another prison

facility, he did not receive the mail until after appellate deadlines had passed.  The court held

that section 2680(b) applied to bar his FTCA claim.

Here, as in <u>Ruiz</u>, the plaintiff's FTCA claim for damages caused by failure to receive his

mail is barred by section 2680(b).  The Motion should be granted to the extent it seeks dismissal

of Claim Two's allegations regarding a tort claim against the BOP, DOJ, and USA.

### D. <u>Bivens</u> Claims Against the BOP, DOJ and USA

The defendant asserts that, to the extent the plaintiff is suing the United States or its

agencies pursuant to <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403

U.S. 388 (1971), the court lacks subject matter jurisdiction.  *Motion*, pp. 7-8.

It is a well-established principle that "[a]s a sovereign, the United States 'is immune from

suit save as it consents to be sued and the terms of its consent to be sued in any court define the

court's jurisdiction to entertain the suit.'" <u>Lee v. United States</u>, 980 F.2d 1337, 1340 (10th Cir.

1992) (quoting <u>United States v. Sherwood</u>, 312 U.S. 584, 586 (1941)).  "Sovereign immunity

protects the United States against judgments that would require an expenditure from public

funds, that interfere with public administration or that would restrain the Government from

acting, or to compel it to act." (quotations and citations omitted).  <u>Hensel v. Office of the Chief</u>

<u>Administrative Hearing Officer</u>, 38 F.3d 505, 509 (10th Cir. 1994).  Sovereign immunity is a

jurisdictional bar to suit.  <u>Federal Deposit Insurance Corp. v. Meyer</u>, 510 U.S. 471, 475 (1994).

The BOP and the DOJ are federal agencies.  Sovereign immunity shields the federal government

and its agencies from suit.  <u>Department of the Army v. Blue Fox, Inc.</u>, 525 U.S. 255, 260 (1999).

<u>Bivens</u> does not waive the sovereign immunity of federal agencies.  <u>Federal Deposit</u>

16

Insurance Corp. v. Meyer, 510 U.S. 471, 484-86 (1994); Bivens, 403 U.S. at 410.  The Supreme

Court has stated:

> If a federal prisoner in a BOP facility alleges a constitutional
> deprivation, he may bring a Bivens claim against the offending
> individual officer, subject to the defense of qualified immunity.
> The prisoner may not bring a Bivens claim against the officer's
> employer, the United States, or the BOP.  With respect to the
> alleged constitutional deprivation, his only remedy lies against the
> individual . . . .

Correctional Services Corp. v. Malesko, 534 U.S. 61, 71 (2001).

The plaintiff states that Claim One is a tort claim against the BOP, DOJ, and USA, and

that Bivens "is the alternative theory of liability."  *Response*, p. 2.  However, he also states that

"all Bivens claims are asserted against individuals."  Id. at p. 6.  The plaintiff's contradictory

statements notwithstanding, to the extent he is attempting to assert claims for constitutional

deprivations against the BOP, DOJ, or USA, the claims are barred by sovereign immunity.  I

have construed Claims One and Two as asserting claims for constitutional deprivations against

the BOP, DOJ, and/or USA.  The Motion should be granted insofar as it seeks dismissal of these

claims as barred by sovereign immunity.

### E.  Claim Seven: Violations of 42 U.S.C. §§ 1985 and 1986

Claim Seven "adopts all facts set forth" throughout the entire Complaint and states that

"[t]hese acts constitute a criminal conspiracy in violation of . . . 42 U.S.C. §§ 1985 and 1986."

The defendants assert that the United States has not waived its sovereign immunity for suits

against it under 42 U.S.C. §§ 1985 and 1986.  *Motion*, p. 8.

Sovereign immunity bars suits against the United States, its agencies, and officers acting

in their official capacities that are brought pursuant to civil rights statutes including 42 U.S.C. §§

17

1985 and 1986.  <u>Davis v. United States Dept. of Justice</u>, 204 F.3d 723, 726 (7th Cir. 2000);

<u>Affiliated Professional Home Health Care Agency v. Shalala</u>, 164 F.3d 282, 286 (5th Cir. 1999);

<u>United States v. Timmons</u>, 672 F.2d 1373, 1380 (11th Cir. 1982); <u>Omeli v. National Counsel of</u>

<u>Senior Citizens</u>, 12 Fed. Appx. 304, 307, 2001 WL 700849 (6th Cir. June 11, 2001).

The plaintiff argues that the claims under 42 U.S.C. §§ 1985 and 1986 are asserted

against individuals, not the United States or its agencies.  *Response*, p. 6.   However, Claim

Seven does not contain any factual allegations against individual defendants.  *Complaint*, pp. 12-

13.  I recommend that the Motion be granted insofar as it seeks dismissal of Claim Seven in its

entirety.

### F.  "Claim-Splitting"

The defendants assert that "[u]nder the rule against 'claim-splitting,' courts have the

inherent authority to manage their dockets and may dismiss claims under Federal Rule of Civil

Procedure 12(b)(6) when there is ongoing duplicative litigation."  *Motion*, p. 9.  The defendants

argue that the plaintiff's APA and Privacy Act claims must be dismissed due to claim-splitting.

<u>Id.</u>  They cite <u>Hartsel Springs Ranch of Colo. v. Bluegreen Corp.</u>, 296 F.3d 982, 985 (10th Cir.

2002), in support of their argument.

In <u>Hartsel</u>, the district court dismissed the complaint pursuant to Fed. R. Civ. P. 12(b)(6)

for claim-splitting.  <u>Hartsel</u>, 296 F.3d at 985.[7]  The Tenth Circuit recognized the claim-splitting

analysis set forth by the Supreme Court in <u>United States v. The Haytian Republic</u>, 154 U.S. 118

---

[7]Because the dismissal was "premised in significant measure on the ability of the district
court to manage it won docket," the Tenth Circuit reviewed the dismissal under an abuse of
discretion standard.  <u>Id.</u>

18

(1894), but stated that "more recent cases analyze claim-splitting as an aspect of res judicata."

Id. at 986.  The court then performed a *res judicata* analysis under Colorado law:

> In Colorado, res judicata, also known as claim preclusion, requires the presence of four elements: 1) finality of the first judgment; 2) identity of subject matter; 3) identity of claims for relief; and 4) identity or privity between parties to the actions.

Id. at 986-87 (internal quotations and citation omitted).

The court found that the district court abused its discretion in dismissing the action based on the prohibition against claim-splitting because there was no identity or privity between the parties.  Id. at 987-988.

The defendants do not discuss the *res judicata* requirements.  Accordingly, the Motion should be denied to the extent it seeks dismissal of the plaintiff's APA and Privacy Act claims due to claim-splitting.

## G.   Bivens Claims Against Individual Defendants

The defendants assert that the plaintiff's Bivens claim fails to state a claim upon which relief can be granted because it lacks specificity.  The defendants do not identify the claim at issue.  My review of the Complaint reveals that the plaintiff is asserting claims for constitutional violations under Bivens against the individual Doe defendants in Claims Four, Five, and Six.

The Doe defendants have not been identified or served with the Summons and Complaint.  Nevertheless, under 42 U.S.C. § 1997e(c)(1), a court may dismiss on its own motion any action brought with respect to prison conditions under any federal law if the court is satisfied that the action fails to state a claim on which relief can be granted.

A complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief.  Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir.

2007).  "The burden is on the plaintiff to frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief."  Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (internal quotations and citation omitted).

The Tenth Circuit has stated:

> [P]lausibility . . . refer[s] to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible.  The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.
>
> This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.  See Airborne Beepers & Video, Inc. v. AT & T Mobility L.L.C., 499 F.3d 663, 667 (7th Cir.2007) ("[A]t some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8.").  The Twombly Court was particularly critical of complaints that mentioned no specific time, place, or person involved in the alleged conspiracies.  Given such a complaint, a defendant seeking to respond to plaintiffs' conclusory allegations ... would have little idea where to begin.

Id. at 1247 (internal quotations and citations omitted except as noted).

To state a claim in federal court, a complaint must explain what each defendant did to the plaintiff; when the defendant did it; how the defendant's action harmed the plaintiff; and what specific legal right the plaintiff believes the defendant violated.  Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007).

The plaintiff's allegations against the Doe defendants are vague and conclusory.  He accuses them generally of disseminating false information and stealing a "book and mail."  He does not provide any specific factual allegations to plausibly support a claim for relief against any of the 20 Doe defendants.  Nor does he differentiate between any of the Doe defendants; he consistently refers to them collectively as the "DOJ employees."

The Motion should be granted insofar as it seeks dismissal of the <u>Bivens</u> claims asserted against the individual Doe defendants in Claims Four, Five, and Six for failure to state a claim upon which relief can be granted.

### H.   Claim Four: Habeas

In his jurisdictional statement, the plaintiff asserts a violation of 28 U.S.C. § 2241. *Complaint*, p. 1.  The defendants assert that the plaintiff has failed to state a habeas claim under section 2241.  *Motion*, p. 12.

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody." <u>Preiser</u>, 411 U.S. at 484.  A challenge to the duration of custody is properly brought under 28 U.S.C. § 2241.  <u>McIntosh v. Untied States Parole Commission</u>, 115 F.3d 809, 811 (10th Cir. 1997) (stating that a habeas proceeding attacks the fact or duration of confinement and seeks the remedy of shortened confinement or immediate release).

The Complaint does not contain any factual allegations which challenge the fact or duration of the plaintiff's confinement.  If it did, the plaintiff would be required to submit the allegations in a separate habeas petition using the court's form.  D.C.COLO.LCivR 8.1A.

The Motion should be granted to the extent it seeks dismissal of any claim asserted under 28 U.S.C. § 2241.

## I.   Claims Under the Declaratory Judgment Act

The defendants assert that to the extent the plaintiff seeks relief under the Declaratory

Judgment Act, 28 U.S.C. §§ 2201 and 2202, "he fails to state a claim because the Act does not

create substantive rights."  *Motion*, p. 13.

The Declaratory Judgment Act generally provides that "[i]n a case of actual controversy

within its jurisdiction . . . any court of the United States, upon the filing of an appropriate

pleading, may declare the rights and other legal relations of any interested party seeking such

declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  The

Declaratory Judgment Act does not create substantive rights; it merely creates a procedure by

which parties may obtain relief under some other substantive theory.  Farmers Alliance Mut. Ins.

Co. v. Jones, 570 F.2d 1384, 1386 (10th Cir. 1978).

The plaintiff makes nine requests for declaratory relief.  *Complaint*, pp. 13-15.  The

defendants do not discuss any of them.  Therefore, it is unclear which claims they are

challenging.  The Motion should be denied insofar as it seeks dismissal of the plaintiff's claims

for declaratory relief.

## J.   FOIA Claims

The defendants assert that the plaintiff's FOIA claims should be dismissed for improper

venue.  *Motion*, pp. 13-15.  Under FOIA, venue is proper in the district where claimant resides,

in the district where agency records are situated, or in the District of Columbia.  5 U.S.C. §

552(a)(4)(B).

There is a split of authority regarding whether an inmate resides at his place of

incarceration or x+at his domicile prior to incarceration.  Bailey v. United States of America, No.

22

92-3186-RDR, 1992 WL 331320 (D. Kan. Oct. 23, 1992) (citing cases).  I find persuasive the

reasoning of the court in Royer v. Federal Bureau of Prisons, No. 1:10-cv-0146 (LMB/IDD),

2010 WL 4827727 (E.D.Va. Nov. 19, 2010):

> In this case, Royer's Complaint alleges that venue is proper in this
> District because "plaintiff is resident and domiciled in the Eastern
> District of Virginia at 6166 Leesburg Pike in Falls Church,
> [Virginia]," where he resided before his arrest and subsequent
> incarceration.  Pl.'s Compl. ¶ 6.  Moreover, in his Supplemental
> Memorandum Concerning Venue, Royer cites a number of cases,
> the vast majority of which are from circuits other than the Fourth
> Circuit, which he claims establish that a prisoner is "deemed to
> reside in the district wherein he resided prior to his incarceration."
> Pl.'s Supp. Mem. Concerning Venue at 1.
>
> Most of the authorities plaintiff cites, however, deal with the
> concepts of domicile and citizenship, not residence.  In particular,
> the two cases Royer identifies from the Fourth Circuit, Price v.
> Carr–Price, 23 F.3d 402 (4th Cir.1994) and Roberts v. Morchower,
> 956 F.2d 1163 (1992), both address the domicile of a prisoner for
> diversity jurisdiction purposes, not the separate and distinct matter
> of where a prisoner resides for purposes of establishing venue
> under statutes like FOIA and the Privacy Act.  As the Fourth
> Circuit observed in Commissioner of Internal Revenue v. Nubar:
>
> > "When these words, "domicile" and "residence," are technically
> > used by persons skilled in legal semantics, their meanings are quite
> > different.... "Residence" simply requires bodily presence as an
> > inhabitant in a given place, while "domicile" requires bodily
> > presence in that place and also an intention to make it one's
> > domicile."
>
> 185 F.2d 584, 587 (4th Cir.1950) (internal quotation marks and
> citations omitted); see also Black's Law Dictionary 501, 1310 (7th
> ed.1999) (defining residence as "the act or fact of living in a given
> place for some time," while domicile is separately defined as "a
> person's true, fixed, principal, and permanent home, to which that
> person intends to return and remain even though currently residing
> elsewhere").

Id. at *4.

23

The plaintiff is currently incarcerated in Florence, Colorado. *Complaint*, p. 2. I find that for purposes of FOIA, he resides in Colorado. Therefore, venue is proper in this court. The Motion should be denied to the extent it seeks dismissal of Claim Three for improper venue.

### K. Remaining Claims

If this Recommendation is accepted, the following claims will remain:

1. Claim One insofar as it alleges that (a) the plaintiff's placement in unwarranted psychological treatment in the SMU constitutes a state tort, and (b) the SMU program was implemented in violation of the APA;

2. Claim Three against the BOP for denying the plaintiff's requests for information in violation of FOIA; and

3. Claim Four's allegations that certain exemptions to the Privacy Act are unconstitutionally vague.

### L. Plaintiff's Abusive Litigation Behavior

The plaintiff's filings are filled with impertinent and immaterial statements and *ad hominem* attacks on the defendants. For example, in response to the defendants' assertion that there is no jurisdiction for a §1985 or § 1986 claim against the United States, he accuses the defendants of "attempting to perpetrate a fraud on this court with their tricks, false and misleading statements." *Response*, p. 6. He repeatedly accuses the defendants of fraud in both his Response and Surreply. I will not tolerate the plaintiff's immaterial and impertinent statements and *ad hominem* attacks against the defendants.

## IV.  CONCLUSION

I respectfully RECOMMEND[8] that the Motion [Doc. #26] be GRANTED IN PART and

DENIED IN PART as follows:

1.  DENIED insofar as it seeks dismissal of the tort claim asserted in Claim One;

2.  GRANTED insofar as it seeks dismissal of the remaining tort claims (asserted in

Claims Two, Four, Five, and Six);

3.  GRANTED insofar as it seeks dismissal of all constitutional claims asserted against

the BOP, DOJ, and/or USA under <u>Bivens</u> as barred by sovereign immunity;

4.  GRANTED insofar as it seeks dismissal of Claim Seven in its entirety;

5.  DENIED to the extent it seeks dismissal of the plaintiff's APA and Privacy Act

claims due to claim-splitting;

6.  GRANTED insofar as it seeks dismissal of all constitutional claims asserted under

<u>Bivens</u> against the individual Doe defendants for failure to state a claim upon which relief can be

granted;

7.  GRANTED to the extent it seeks dismissal of any habeas claim asserted under 28

U.S.C. § 2241;

---

[8]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); <u>Thomas v. Arn</u>, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  <u>In re Key Energy Resources Inc.</u>, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).

8.   DENIED insofar as it seeks dismissal of the plaintiff's claims for declaratory relief; and

9.   DENIED to the extent it seeks dismissal of Claim Three for improper venue.

FURTHER, IT IS ORDERED that the plaintiff shall cease filing papers containing immaterial and impertinent statements, and *ad hominem* attacks against the defendants.  Failure to comply with this order may result in sanctions, including dismissal of this case.

Dated December 7, 2012.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge