IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   11-cv-03191-WYD-BNB

TIMOTHY DEMITRI BROWN,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
UNITED STATES DEPARTMENT OF JUSTICE,
UNITED STATES OF AMERICA, and
JOHN AND JANE DOES 1-20,

    Defendants.

## ORDER AFFIRMING AND ADOPTING RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

THIS MATTER is before the Court on the Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(1), and 12(b)(6) (ECF No. 26).   The motion was referred to Magistrate Judge Boyd N. Boland for a Recommendation by Order of Reference dated March 9, 2012.   Magistrate Judge Boland issued a thorough, detailed Recommendation on December 7, 2012.   Specifically, Magistrate Judge Boland recommends that the pending motion be granted in part and denied in part.   (ECF No. 47, Recommendation at 1).   The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b).

Magistrate Judge Boland advised the parties that written objections were due within fourteen (14) days after service of a copy of the Recommendation. (Recommendation at 25).   Despite this advisement, no objections were filed to the

Recommendation. No objections having been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[1] *See* Fed. R. Civ. P. 72(b) Advisory Committee Notes.

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record. I find that Magistrate Judge Boland's Recommendation is thorough, well reasoned and sound. I agree with Magistrate Judge Boland that the motion to dismiss should be granted in part and denied in part for the reasons stated in both the Recommendation and this Order.

Based on the foregoing, it is

ORDERED that the Recommendation of United States Magistrate Judge Boland (ECF No. 47) is **AFFIRMED** and **ADOPTED**. In accordance therewith, it is

FURTHER ORDERED that Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(1), and 12(b)(6) (ECF No. 26) is **GRANTED IN PART and DENIED IN PART** as follows:

---

[1] Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a *de novo* review, Fed. R. Civ. P. 72(b).

1.     **DENIED** insofar as it seeks dismissal of the tort claim asserted in Claim One;

2.     **GRANTED** insofar as it seeks dismissal of the remaining tort claims (asserted in Claims Two, Four, Five, and Six);

3.     **GRANTED** insofar as it seeks dismissal of all constitutional claims asserted against the BOP, DOJ, and/or USA under *Bivens* as barred by sovereign immunity;

4.     **GRANTED** insofar as it seeks dismissal of Claim Seven in its entirety;

5.     **DENIED** to the extent it seeks dismissal of the plaintiff's APA and Privacy Act claims due to claim-splitting;

6.     **GRANTED** insofar as it seeks dismissal of all constitutional claims asserted under *Bivens* against the individual Doe defendants for failure to state a claim upon which relief can be granted;

7.     **GRANTED** to the extent it seeks dismissal of any habeas claim asserted under 28 U.S.C. § 2241;

8.     **DENIED** insofar as it seeks dismissal of the plaintiff's claims for declaratory relief; and

9.     **DENIED** to the extent it seeks dismissal of Claim Three for improper venue.

It is FURTHER ORDERED that the plaintiff shall cease filing papers containing immaterial and impertinent statements, and *ad hominem* attacks against the defendants. Failure to comply with this order may result in sanctions, including dismissal of this case.

Dated: January 4, 2013

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
United States Senior District Judge