IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-03191-WYD-BNB

TIMOTHY DEMITRI BROWN,

Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
UNITED STATES DEPARTMENT OF JUSTICE,
UNITED STATES OF AMERICA, and
JOHN AND JANE DOES 1-20,

Defendants.

_____

**ORDER**
_____

This matter arises on the plaintiff's **Motion to Compel Discovery** [Doc. #68, filed 06/12/2013] (the "Motion"). The plaintiff seeks an order compelling the defendants to produce certain discovery in response to several interrogatories and requests for production of documents. The Motion [Doc. # 68] is DENIED.

The plaintiff is proceeding *pro se*, and I must liberally construe his filings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The plaintiff filed his Prisoner Complaint [Doc. #3] (the "Complaint") on December 8, 2011. He currently is incarcerated by the Federal Bureau of Prisons ("BOP") at the United States Penitentiary, Administrative Maximum Facility in Florence, Colorado ("ADX"). Prior to

his transfer to ADX, the plaintiff was housed in the Special Management Unit ("SMU") at the Federal Correctional Institution ("FCI") in Talladega, Alabama.

### First Request for Production of Documents, Request No. 1

In his First Request for Production of Documents, Request No. 1, the plaintiff requests a video recording which shows "physical force" being used to compel compliance in the SMU on August 25, 2009. *Motion*, p. 9, ¶ 1. The defendants object to the request on the basis that it is not reasonably calculated to lead to the discovery of relevant information because the plaintiff's claim for excessive force has been dismissed. Id. at p. 14, ¶ 1. The defendants also state that, although they do not admit that the video is relevant to this litigation, they have nonetheless made it available for the plaintiff to view. *Response to Motion to Compel* [Doc. #71] (the "Response"), p. 4.

The plaintiff argues that the video is necessary to show that the SMU program was unlawfully implemented; that physical force is used to compel compliance with the SMU's psychological treatment program; and that the video is evidence of the involuntary nature of the SMU. *Motion*, p. 3, ¶ 1.

The plaintiff's claims regarding the SMU are found in Claim One. His claim regarding excessive force in the SMU was dismissed on January 4, 2013 [Docs. ## 47 and 51]. The remaining claims regarding the SMU are (1) a state law tort claim based on the plaintiff's placement in the "extended isolation" of the SMU for more than two years and his resulting

mental, emotional, and physical deterioration;[1] and (2) a claim that the SMU program was implemented in violation of the APA.[2]

The video is not relevant to the plaintiff's remaining claims, and it is not reasonably calculated to lead to the discovery of admissible evidence. The Motion is denied insofar as the plaintiff seeks to compel any further response to Request No. 1.

### First Request for Production of Documents, Request No. 3

In his First Request for Production of Documents, Request No. 3, the plaintiff seeks "[a]ll documents and records in whatever form concerning inmate trust and/or commissary funds allocated for the [SMU]." *Motion*, p. 10, ¶ 3. Request No. 3 is not relevant to any of the plaintiff's remaining claims, nor is it reasonably calculated to lead to the discovery of admissible evidence.

### First Request for Production of Documents, Request No. 4

Request No. 4 seeks "[a]ll documents and records that relate to plaintiff's placement in the [SMU]." *Motion*, p. 10, ¶ 4. The defendants initially objected to the request as vague, id. at p. 16, ¶ 4, but have since produced all responsive documents. *Response*, pp. 5-6. Accordingly, Request No. 4 is moot.

---

[1]Specifically, the plaintiff states that he suffered from hallucinations, paranoia, anxiety attacks, muscle atrophy, migraine headaches, bone deterioration, abnormal growth in his hands and feet, and staph infections. *Document #26-1*, p. 17.

[2]Also extant are Claim Three against the BOP for denying the plaintiff's requests for information in violation of the Freedom of Information Act ("FOIA"), and Claim Four's allegations that certain exemptions to the Privacy Act are unconstitutionally vague.

**Second Request for Production of Documents, Request No. 1**

In his Second Request for Production of Documents, Request No. 1, the plaintiff requests "[a]ny and all video recordings of use of force conducted against inmates in the Special Management Unit at Talladega, Alabama for the years 2009, 2010, and 2011." *Motion*, p. 38, ¶ 1. The use of force involving the plaintiff and other inmates is not relevant to the plaintiff's remaining claims, and it is not reasonably calculated to lead to the discovery of admissible evidence.

**Third Request for Production of Documents, Request No. 1**

The Third Request for Production of Documents, Request No. 1, seeks "[a]ny and all records/reports of the Southeast Region Task Force concerning the" SMU in Talladega, Alabama. *Motion*, p. 52, ¶ 1. The defendants state that they searched for and did not find any responsive records to Request No. 1. *Response*, p. 9. The defendants further state that the Southeast Region staff were asked to perform a search for responsive records, and they were advised that the Southeast Region never formed a Task Force. Id. The defendants cannot be compelled to produce documents that do not exist.

**Third Request for Production of Documents, Request No. 2**

In his Third Request for Production of Documents, Request No. 2, the plaintiff seeks "[a]ny and all complaints filed/reported by Bureau of Prisons (BOP) employee(s) concerning the SMU; including complaints/grievance by former Lt now Captain Myric . . . and Employee Union Representative Windell Scott." *Motion*, pp. 52-53, ¶ 2. The plaintiff states that the records "are necessary to show the illegal nature of the SMU and show the damages caused by placement in SMU." He also claims that the records "contain names of witnesses." Id. at p. 5, ¶ 5.

The defendants objected to the request as vague, overbroad, and not reasonably calculated to lead to admissible evidence. Id. at p. 55, ¶ 2. Nevertheless, the defendants produced grievances filed by the local union at FCI Talladega under the Collective Bargaining Agreement regarding the SMU. *Response*, p. 12.

Request No. 2 is overly broad on its face because it fails to identify (1) a time period for the complaints sought; (2) whether the plaintiff is seeking complaints regarding the SMU in Talladega or SMUs nationwide; and (3) the specific nature of complaints sought. The defendants' response is sufficient, and I will not compel any further response.

### Second Set of Interrogatories, Nos. 1, 2, 3, and 4

Interrogatory Nos. 1, 2, 3, and 4 request that the defendant "[d]escribe in detail the legal citation (e.g. 5 U.S.C. § 552(b)(1)(C))"[3] provided by the defendants in denying the plaintiff's requests for records under FOIA, specifically Request Nos. 2009-08132; 2010-3653; 2010-11668; 2010-04477; and 2011-03021. *Motion*, pp. 39-40, ¶¶ 1-4. The plaintiff does not attach to his Motion copies of his FOIA requests or copies of the denial letters.

The defendants attach several letters containing denials or suspensions of the plaintiff's FOIA requests for various reasons. *Response*, Doc. #71-11, pp. 1-10. For example, in responding to Request No. 2010-3653, the agency advised the plaintiff that search fees applied to search times in excess of two hours; the plaintiff's requested search was estimated to take 80 hours; and that processing of the plaintiff's request would be suspended until the plaintiff confirmed that he would pay the fee. Id. at p. 1.

---

[3] 5 U.S.C. § 552(b)(1)(C) does not exist.

The record contains evidence of only one request (Request No. 2010-04477) which was denied pursuant 5 U.S.C. §552. Id. at p. 9. The defendant is not required to explain this statutory exemption; the statute speaks for itself. Moreover, absent a showing of bad faith by the agency, "[d]iscovery is generally unavailable in FOIA actions." Wolf v. C.I.A., 569 F.Supp. 2d 1, 10 (D.D.C. 2008). The plaintiff has not made any showing that any of the defendants acted in bad faith regarding his FOIA requests.

**Second Request for Production of Documents, Request Nos. 3, 4, and 5**

In his Second Request for Production of Documents, Request Nos. 3, 4, and 5 respectively, the plaintiff requests all records concerning an "FBI file"; a "USMS file"; and "the Domestic Terrorist Investigation of plaintiff." *Motion*, p. 39. The plaintiff states that the files contain "false information concerning plaintiff that is the basis for plaintiff's claim that the defendants' exemptions from the Privacy Act are unconstitutional." Id. at p. 6.

The defendants state that after taking the plaintiff's deposition and clarifying which exemptions he believes are unconstitutional, the FBI file will be produced, and the USMS file has been produced. *Response*, pp. 19, 21. Accordingly, the plaintiff's Second Request for Production of Documents, Request Nos. 3 and 4 are moot.

The defendants object to Request No. 5 on the basis that it is not reasonably calculated to lead to the discovery of relevant material. Id. at Doc. # 71-3, p. 4.[4] The plaintiff has one extant claim regarding the Privacy Act: Claim Four's allegations that certain exemptions to the Privacy Act are unconstitutionally vague. Claim Four does not contain any allegations regarding a

---

[4]The plaintiff does not attach to his Motion a copy of the defendants' response to Request No. 5.

Domestic Terrorism Investigation, and the plaintiff's Motion does not address the defendants' relevancy objection. When the relevancy of a discovery request "is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request." Owens v. Sprint/United Management Co., 221 F.R.D. 649, 652 (D. Kan. 2004). The plaintiff provides only a vague and conclusory statement that the files contain the basis for his claim. Therefore, he has not met his burden.

IT IS ORDERED that the plaintiff's Motion to Compel Discovery [Doc. #68] is DENIED.

Dated July 25, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge