IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   11-cv-03191-WYD-BNB

TIMOTHY DEMITRI BROWN,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
UNITED STATES DEPARTMENT OF JUSTICE,
UNITED STATES OF AMERICA, and
JOHN AND JANE DOES 1-20,

    Defendants.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on Defendants' Motion for Summary Judgment filed August 14, 2013, and Plaintiff's Motion for Summary Judgment filed August 16, 2013.  These motions were referred to Magistrate Judge Boland.  A Recommendation of United States Magistrate Judge was issued on September 24, 2013, and is incorporated herein by reference.

It is recommended therein that Defendant's Motion for Summary Judgment be granted in part and denied in part; specifically, that the motion be granted as to the remaining allegations in Claims One and Claim Four, as well as Claim Three's allegations regarding Freedom of Information ["FOIA"] Request Nos. 2010-04477 and 2010-11668.  It is recommended that Defendants' motion be denied as to Claim Three's allegations regarding FOIA Request No. 2010-03653.  I note that the remaining claims

were previously dismissed by Order of January 4, 2013.  Finally, Magistrate Judge Boland recommends that Plaintiff's Motion for Summary Judgment be denied.

On October 7, 2013, Plaintiff filed timely objections to the portion of the Recommendation which recommended granting summary judgment as to certain of his claims.  A response to the Objections was filed on October 24, 2013, and a reply was filed on November 6, 2013.  Plaintiff's objections necessitate a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive.  Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

"In order to conduct a *de novo* review a court 'should make an independent determination of the issues ...; [it] 'is not to give any special weight to the [prior] determination.'"  *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. First City Nat. Bank,* 386 U.S. 361, 368 (1967)) (internal quotation marks omitted).  While the court may place whatever reliance on the magistrate judge's "recommendation its merit justifies, the court must review the record in light of its own independent judgment."  *Id.*

Turning to Plaintiff's objections, Plaintiff argues generally that the Magistrate Judge failed to consider relevant case law, applied the incorrect legal standard, failed to consider evidence presented, found facts that were contrary to the evidence, excluded the facts presented by Plaintiff, failed to consider the material facts of the claims, and misapplied the law governing the issues.  I address these arguments in the context of

Plaintiff's specific objections.  See Fed. R. Civ. P. 72(b)(2); see also Thomas v. Arn, 474 U.S. 140, 147-48 (1985).

Plaintiff first argues that the recommendation to grant summary judgment in favor of Defendants on Claim One was erroneous.  Claim One alleged that Plaintiff's placement in unwarranted psychological treatment in the Special Management Unit ["SMU"] constitutes a tort, and that the SMU program was implemented in violation of the Administrative Procedure Act ["APA"].  (Recommendation at 3, 16.)  Magistrate Judge Boland found that placement into the SMU was subject to the discretionary function exception to the Federal Tort Claims Act, and is therefore barred by sovereign immunity.  (Id. at 16-18.)  He based that finding on Special Management Units Program Statement 5217.01, wherein placement in an SMU is not mandated by BOP policy but is at the discretion of prison officials.  (Id. at 18.)  Magistrate Judge Boland also found that the placement of Plaintiff into the SMU was not subject to challenge under the APA.  (Id. at 18-19.)

Plaintiff objects to the dismissal of Claim One, asserting that the SMU is an involuntary psychological treatment program that is outside the scope of inmate housing.  Plaintiff also argues that the Court clearly erred in not applying the factors in Sell v. United States, 539 U.S. 166 (2003), before assigning him to the SMU, and states that since he has no mental illness the treatment could not possibly be necessary nor appropriate.   Indeed, he asserts that Defendants presented no evidence of the appropriateness or necessity of the involuntary treatment.  Finally, Plaintiff argues that Magistrate Judge Boland erred in applying the discretionary function exception to the

placement into involuntary psychological treatment, and that 18 U.S.C. § 4245 is a fixed and readily ascertainable standard of conduct for officials when involuntary treatment is considered.[1]

I overrule Plaintiff's objections as to Claim One, as I agree with Magistrate Judge Boland that the discretionary function exception bars this claim. In order for this exception to apply, two prongs must be satisfied: (1) the governmental conduct must be discretionary and (2) "the decision in question is one requiring the exercise of judgment based on considerations of public policy." *Garcia v. U.S. Air Force*, 533 F.3d 1170, 1176 (10th Cir. 2008). Plaintiff objects only to the first prong, arguing that the conduct is not discretionary. He asserts a housing claim, challenging the BOP's assignment of him to the SMU. Defendants have shown that the BOP has discretion over prison assignments and conditions. (*See* ECF No. 76 at 31-32, citing 18 U.S.C. §§ 3621, 4042, and 4081 and the Program Statement implementing the SMUs). Given the discretionary nature of inmate housing and assignment to an SMU in particular, the BOP meets the first prong of the discretionary function exception—that the conduct is a "matter of choice for the acting employee." *Berkovitz v. United States*, 486 U.S. 531, 536 (1988). While not objected to, I further agree with Magistrate Judge Boland that the second prong is satisfied.

Plaintiff argues, however, that his housing assignment was not a matter of choice because 18 U.S.C § 4245 applies to his claim due to his involuntary treatment for

---

[1] I note that Plaintiff did not object to the portion of the Recommendation rejecting Plaintiff's challenge to the implementation of the SMU program under the APA, and I affirm that portion of the Recommendation.

-4-

psychological treatment. I reject that argument. 18 U.S.C. § 4245, titled "Hospitalization of an imprisoned person suffering from mental disease or defect", relates to transfer to a mental hospital without an inmate's consent. Here, the evidence presented by Defendants shows that the SMU is not a mental hospital or an involuntary psychological treatment program. Instead, it is a facility for inmates who require greater management of their interaction in order to ensure the safety, security, or orderly operation of BOP facilities or the protection of the public. (*See* ECF No. 76-1, ¶ 5.) The fact that psychological services were part of the program does not bring Plaintiff's placement into the SMU within the purview of 18 U.S.C. § 4245, as Plaintiff was not transferred to a mental hospital for treatment of a mental disease or defect. Moreover, he refused to participate in the psychological services offered in the SMU.[2]

Similarly, the *Sell* case is irrelevant because it applies to a situation where "a defendant may be committed and forcibly medicated for the purpose of making him competent to stand trial." *United States v. Galloway*, 422 F. App'x 676, 679 (10th Cir. 2011). Plaintiff is not a defendant in a criminal case, was not committed, was not forcibly medicated, and his case does not concern competency to stand trial.

I now turn to Claim Three against the Bureau of Prisons ["BOP"] related to the denial of Plaintiff's requests for information in violation of the FOIA. Plaintiff objected to the Magistrate Judge's recommendation regarding a single FOIA request, No. 2010-11668, which when narrowed by Plaintiff sought from the BOP contracts with private companies to provide telephone and/or internet services to federal inmates.

---

[2] The cases cited by Plaintiff are inapplicable.

(Recommendation at 7, 8, 22.)  In response to the FOIA request, the BOP was asked to conduct a search for responsive documents.  (*Id.* at 23.)  The BOP's Trust Fund Office "was then searched as it is primarily responsible for overseeing the inmate telephone and email systems in BOP facilities, but this search did not yield any results."  (*Id.*)  This search result was communicated to OIP, which affirmed the BOP's adequacy of search for records.  (*Id.* at 9-10, 23.)  Magistrate Judge Boland rejected Plaintiff's arguments that the BOP admitted that a contract to UNISYS was a BOP record, found that the BOP's search efforts were reasonable, and granted summary judgment as to this FOIA claim.  (*Id.* 23-24.)

Plaintiff argues in his objections that Magistrate Judge Boland committed error by failing to consider Exhibit 8 of Plaintiff's response which he asserts contradicts Defendants' statements that the telephone contract is not a BOP record.  Further, he asserts that the Magistrate Judge erred in finding that the BOP did not admit to awarding the contract, and states that it is a disputed fact as to whether the inmate telephone contract is a BOP record which prevents summary judgment.  I reject Plaintiff's arguments and overrule the objections.  There is no evidence that the contract is a BOP document because, as explained in the Recommendation, the statement about this came from the GSA, not the BOP.  (Recommendation at 23.)  Moreover, whether or not the BOP awarded the contract at issue is not material to the FOIA claim. Instead, the issue is whether the BOP conducted a reasonable search. Magistrate Judge Boland found that the search was reasonable based on the evidence presented, and Plaintiff has not shown to the contrary.

Finally, Claim Four alleges that certain exemptions to the Privacy Act are unconstitutionally vague. This relates to Plaintiff's request pursuant to 5 U.S.C. § 552a(d)(2) that the United States Marshal Service ["USMS"] and the Federal Bureau of Investigation ["FBI"] correct or remove information in their records regarding Plaintiff's alleged threat to a federal judge. The USMS and FBI responded to Plaintiff's request by stating that, pursuant to 5 U.S.C. § 552a(j)(2), its records regarding the alleged threat are exempt from section 552a(d)(2). Magistrate Judge Boland found that Plaintiff failed to set forth any competent evidence or argument to show that 5 U.S.C. § 552a(j)(2) is void for vagueness as it "sets forth specific criteria for an agency to exempt a system of records" and does not 'encourage arbitrary application'". (Recommendation at 29.) He also found that Plaintiff failed to set forth any competent evidence or argument to show that U.S.C. § 552a(j)(2) is unconstitutional as applied to him. (*Id.* at 30.) While Magistrate Judge Boland noted Plaintiff's claim throughout his briefs that Defendants "disseminated the false information" (*id.* at 30 n. 9), he found that Plaintiff did not provide any evidence to support this claim. (*Id.*)

Plaintiff asserts that Magistrate Judge Boland committed error by not applying the relevant case law, *i.e., Doe P v. Goss*, 2007 U.S. Dist. Lexis 2708 (D.D.C. 2007), and not considering the evidence. He argues that the *Goss* case, where the agency fabricated information and disseminated the knowingly false information without the plaintiff's consent, is identical in substance to this case. Plaintiff also contends that Magistrate Judge Boland mistakenly construed this claim as only a challenge to the amendment of records, when this claim relates to Defendants' fabrication and

-7-

dissemination of knowingly false information.  According to Plaintiff, Defendants claim that their exemption from the Privacy Act authorizes the fabrication and dissemination of false material, which Plaintiff asserts renders the exemption unconstitutional.  Finally, Plaintiff argues that the Magistrate Judge erred in finding that Defendants' exemptions provided sufficient guidelines.  Defendants' application of the exemption to fabricated information shows, according to Plaintiff, that there are no guidelines or standards and that Defendants' application is in direct contradiction to the purpose of the Privacy Act.

     I reject Plaintiff's arguments.  While Plaintiff asserts it is undisputed that Defendants fabricated information, disseminated information knowing that it was false, and did so without Plaintiff's consent, Magistrate Judge Boland found that he failed to support these assertions with evidence as required in order to survive summary judgment, as he presented no evidence that the USMS or FBI knowingly disseminated false information.  (Recommendation at 30 n. 9.)  Moreover, he noted that the claim against the DOJ employees for disseminating false information was dismissed.  (*Id.*) The *Goss* case cited by Plaintiff is inapposite, as it involved a motion to dismiss that requires the court to assume the truthfulness of the complaint's allegations.  Finally, I reject Plaintiff's argument that the Privacy Act exemption at issue did not provide sufficient guidelines, as Magistrate Judge Boland's analysis of the exemption found that it sets forth three specific criteria for its application.  (Recommendation at 28-29.) Accordingly, I affirm Magistrate Judge Boland's dismissal of Plaintiff's claim that the Privacy Act exemption at issue is void for vagueness or unconstitutional as applied to him.

Based upon the foregoing, it is

ORDERED that the Recommendation of United States Magistrate Judge of September 24, 2013 (ECF No. 92) is **AFFIRMED AND ADOPTED**. In accordance therewith, it is

ORDERED that Defendants' Motion for Summary Judgment filed on August 14, 2013 (ECF No. 76) is **GRANTED IN PART AND DENIED IN PART**. It is **GRANTED** as to Claims One and Four and as to the portion of Claim Three Regarding FOIA Request Nos. 2010-04477 and 2010-11668. It is **DENIED** as to the portion of Claim Three Regarding FOIA Request No. 2010–03653. It is

FURTHER ORDERED that Plaintiff's Motion for Summary Judgment filed on August 16, 2013 (ECF No. 79) is **DENIED**.

Dated: January 29, 2014

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge