IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   11-cv-03191-WYD-BNB

TIMOTHY DEMITRI BROWN,

     Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
UNITED STATES DEPARTMENT OF JUSTICE,
UNITED STATES OF AMERICA, and
JOHN AND JANE DOES 1-20,

     Defendants.

## ORDER

THIS MATTER is before the Court in connection with Defendant Federal Bureau of Prisons' ["BOP"] Notice of Compliance With Court's Order filed March 28, 2014.  This Notice of Compliance relates to the Amended Order Affirming and Adopting Recommendation of United States Magistrate Judge filed January 29, 2014 (ECF No. 101) ["Amended Order"], which granted in part and denied in part Defendants' Motion for Summary Judgment.  The Amended Order denied the summary judgment motion only as to the portion of Claim Three relating to FOIA Request No. 2010-03653, and Defendants were ordered to process Plaintiff's request for a copy of the latest audit of the inmate trust fund as stated in that FOIA request.  Summary judgment was granted as to all other claims.

The BOP's Notice of Compliance states that it complied with the Court's Order to process Plaintiff's request for a copy of the latest audit of the inmate trust fund as stated in FOIA Request No. 2010-03653.  Plaintiff filed a Response to Notice of Compliance on April 4, 2014.  He indicated therein that Defendants provided the Court with knowingly false information as the only document they produced was a "Program Review" of FCI Talladega's operations, which has nothing to do with an "audit" of the inmate trust fund.  The BOP filed a Reply to Plaintiff's Response to Notice of Compliance was filed on April 18, 2014.

In the reply, the BOP states that it misinterpreted Plaintiff's FOIA request, as it interpreted the "audit" to be the "Program Review" of the trust fund program at FCI-Talladega which it produced to Plaintiff.  It further states that based on Plaintiff's assertion that the released documents were not responsive and the extra information and documents Plaintiff provided, the BOP made a further search for responsive documents and released the documents attached to its Notice as Exhibit 3.  That release includes the Audit of the Federal Bureau of Prisons Annual Financial Statements Fiscal Year 2013, which discusses the inmate trust fund.  Therefore, BOP states that it has complied with the Court's Order to process Plaintiff's request for a copy of the latest audit of the inmate trust fund as stated in FOIA Request No. 2010-03653.

On April 25, 2014, Plaintiff filed a "Response to Defendants' New Notice of Compliance", wherein he continues to dispute that the BOP has complied with his request and states that the BOP is again providing this Court with false information.

Thus, he asserts that the audit of the BOP's Annual Financial Statements is not the audit he requested of the inmate trust fund, and that the trust fund is accounted for separately. The evidence Plaintiff cites (Exhibit 1 to his Response) does not, however, support this argument. Instead, my review of the audit provided by the BOP of its Annual Financial Statements shows that it discusses the inmate trust fund in some detail, and I accept the BOP's assertion that the audit is responsive to Plaintiff's FOIA request.

Accordingly, I find that Defendants have complied with the Court's directive in the Amended Order to process Plaintiff's request for a copy of the latest audit of the inmate trust fund as stated in FOIA Request No. 2010-03653. This was the only remaining claim in the case, and Plaintiff has now obtained the relief he requested. Accordingly, it is

ORDERED that this case is terminated.

Dated: April 30, 2014.

BY THE COURT:

/s/ Wiley Y. Daniel
WILEY Y. DANIEL,
SENIOR UNITED STATES DISTRICT JUDGE